UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William Cowan, Jr., | : | Case No. 3:07CV1895 |
| | : | |
| Petitioner | : | Judge Dan A. Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Clifford Smith, Warden, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

Respondent has moved to dismiss this action in habeas corpus, 28 U.S.C. §2254, on the ground that petitioner's "claims are either unexhausted or procedurally defaulted and are not cognizable," maintaining that petitioner has an available remedy in the state court by way of a motion to withdraw his guilty plea or a motion to specifically enforce his plea agreement.[1]

Accepting for the sake of argument that this may be so, this Court believes that this is one of those cases in which failure of exhaustion may be excused and resolution on the merits undertaken. See, Farley v. Lofler, 193 F.2d Appx. 543, 2006 U.S. App. LEXIS 21825, slip opinion pp. 4-5 (6th Cir. No. 05-2528, 8/24/06) ("An application for a writ of habeas corpus may be denied on the merits, not withstanding the failure of the applicant to exhaust the remedies available in the courts of the State. AEDPA clearly provides that the district court could hear the unexhausted jury instruction claim and deny it on the merits to avoid further litigation for the sake of efficiency.")

---

[1] This motion was filed on November 2, 2007. This Court has waited almost six weeks to address the motion to give petitioner the opportunity to oppose it. He has not done so, which could be viewed as a tacit acquiescence.

The reason this Court considers this to be such a case is the belief that (a) requiring petitioner to pursue the state remedy would be an exercise in futility and, more importantly, (b) that petitioner's claims for relief are totally devoid of merit.

Petitioner was originally indicted in December 2003 on six counts of trafficking in cocaine, three counts of possession of cocaine and one count of engaging in a pattern of corrupt activity. On May 7, 2004 he withdrew his former pleas of not guilty and entered a negotiated plea of guilty to three counts of trafficking in cocaine, one count of engaging in a pattern of corrupt activity, and two counts of breaking and entering. As part of the plea agreement the State agreed not to oppose judicial release after the petitioner had served two years and six months of his sentence, provided that there were not any problems in the institution.

The trial court's sentencing Journal Entry, as entered by Judge David C. Faulkner on May 27, 2004, provided in pertinent part:

> Having heard the joint sentencing recommendation of the parties, and finding the same to be reasonable, appropriate and consistent with the purposes and principals of Ohio's Sentencing laws, and the Court hereby adopts the same. It is therefore **ORDERED** that the defendant **SHALL** serve: on Count 2 a stated mandatory prison term of two (2) years pursuant to Revised Code §2929.13(F); a stated prison term of two (2) years in prison as to Count 5; on Count 8, a stated mandatory prison term of two (2) years, and on Count 10, the defendant **SHALL** be served concurrently to each other but consecutively to Count 10 for a total of five (5) years in prison with the defendant to be eligible to file for judicial release after he has served the mandatory time of two years and an additional time of six (6) months on the remaining time imposed. Further, the Court **ORDERS** this sentence shall be consecutive to the sentence in Case NO. 20042005-CRI for the reasons found above and as agreed by the parties.

2

On October 16, 2006 petitioner, through counsel, filed a motion for judicial release.[2] Although the State responded stating it did not oppose that motion, on November 29, 2006 Judge William D. Hart[3] entered a one sentence order reading "This matter being considered by the Court on the issue of judicial release, the Court finds without hearing that judicial release is not warranted at the present time and the motion is overruled."

On May 15, 2007 petitioner filed a pro se motion seeking judicial release. Once again the State responded by stating that it was not opposing release, and once again Judge Hart denied the motion with the same one sentence order he had entered rejecting the first application.

On June 25, 2007 petitioner instituted this action in habeas corpus, advancing the following claims for relief:

> **GROUND ONE:** Continued restraint of the petitioner violated due process, under the 5th, 6th and 14th Amendments.
>
> **SUPPORTING FACTS:** The petitioner entered a plea agreement with the State for a specific sentence. The State and the petitioner agreed that were the petitioner to plead guilty, the State would not oppose judicial release after the petitioner had served a 2 year mandatory term, a consecutive 6 month term, and 30-90 days consecutive to that, subject to 'no problems while in the institution.' The trial court accepted the agreement, adopted the agreement, and incorporated the agreement into the sentencing journal entries. Subsequently, the sentencing judge retired, and was replaced by another judge. Upon serving the agreed-upon term, the new judge refuses to honor the journalized sentence by refusing to grant the judicial release. In other words, the sentencing court fails to "specifically perform" and to uphold the Court's previously entered "journalized sentence."
>
> **GROUND TWO:** Petitioner is denied his right to redress the due process

---

[2] Apparently by that date Judge Faulkner was no longer on the bench, and the case had been reassigned to Judge Hart.

[3] That motion was supported by documentation reflecting that the petitioner had a good record at the North Central Correctional facility where he was confined.

3

>violation done him by the trial court's failure to grant him appeal rights.
>
>**SUPPORTING FACTS:** The sentencing court refuses to uphold the journalized sentence by failing to grant the judicial release motion, and then refusing to grant appealability of the denial of the motion.

In essence, petitioner is asserting that he was promised by Judge Faulkner that he would be granted judicial release after two and a half years of confinement, and that his right to due process was violated when Judge Hart failed to honor that commitment.

While this Court can certainly understand that petitioner feels he has been betrayed by the criminal justice system, particularly in light of the fact that Judge Hart's two orders offer no insights into why he believed "that judicial release is not warranted at the present time," and indeed may be sympathetic to petitioner's situation, that cannot alter the fact that petitioner has failed to present a claim of a constitutional violation cognizable in federal habeas corpus.

The State has not infringed upon any right to due process by reneging upon the commitment it made as a part of the plea agreement. As the prosecution promised, each time that petitioner applied for judicial release the County Prosecutor's Office specifically stated in writing that it was not opposing release.

Most importantly, and addressing the matter without consideration of the issue of whether a representation as to what might occur post-conviction can provide a basis for violating a conviction based upon a guilty plea, the simple fact is that the transcript of the change of plea proceeding clearly establishes that Judge Faulkner gave no assurance to petitioner that he would be granted judicial release, and that petitioner understood that to be so. After the Assistant County Prosecutor outlined the terms of the plea agreement, which included the representation that if the petitioner did not have any problems in the institution the State would not oppose a motion for judicial release, the

4

following appears:

**HOOD:** [defense counsel]
Just wanna make sure that our understanding as far as eligibility for judicial release on the 2004 case would be after he served the initial six months for count three of the 2003 case. Or is that count ten? Count ten, I'm sorry.

**JUDGE:** He's got two years mandatory time.

**HOOD:** Right. And he knows he gotta serve....

**JUDGE:** Six months, a hundred eighty days that he's got to serve before he can file his motion.

**HOOD:** Right.

**JUDGE:** After that he files his motion and all the other cases remain as they are. In other words the sentences will still be there.

**HOOD:** Right.

**JUDGE:** (Inaudible) judicial release after two years and six months plus filing time.

**HOOD:** Yes.

**JUDGE:** Assuming that the Court grants it.

**HOOD:** Correct. That's our understanding. Okay. I think we're all on the same page.

**JUDGE:** As long as Mr. Cowan understands that judicial release is not automatic. That's a fair statement?

**HOOD:** Yes, Your Honor. We've talked about that at length.

\* \* \*

5

**JUDGE:** I will probably order a post-sentence investigation then so that judicial release can be granted, if it is so to be granted. And once again, Mr. Cowan, the Court is not guaranteeing you anything other than the fact that the sentence will be in accordance with the law of Ohio. Do you understand that?

**DEFENDANT:** Yes sir.

**JUDGE:** Alright. The Court hasn't promised you any particular sentence, is that true?

**DEFENDANT:** No sir.

**JUDGE:** And you understand that the Court is not bound by what the attorneys have said?

**DEFENDANT:** Yes sir.

**JUDGE:** The Court accords it great weight, the Court will consider it very carefully before deviating from it, but the Court is not obliged to follow it with any particular, and the court is not obligated at any later time to, to release you period. You understand that?

**DEFENDANT:** Yes sir.

\* \* \*

**JUDGE:** Has anybody promised you anything other than what's been stated here in court today?

**DEFENDANT:** No sir.

**JUDGE:** And the Court, of course, has promised you nothing?

**DEFENDANT:** Yes sir.

**JUDGE:** Other than fair treatment and that we'll follow the law in sentencing, I promised you no particular sentence?

6

**DEFENDANT:** No sir.

**JUDGE:** Other than indicating that I'm to [sic] going to follow the law and give the sentence recommendation great weight. We can assume that's going to happen, but I've made no promises to that effect today, is that true?

**DEFENDANT:** Yes sir.

\* \* \*

**JUDGE:** Alright. So that paragraph, except for the last sentence, is really not pertinent to anything we need to talk about. Let's go to that sentence. I know any prison term stated will be served without good time credit. Now what that means, Mr. Cowan, is you have to earn your way out of prison. The Court will impose a specific prison sentence in each case as we've already talked about. In order for you to get out early, you have to earn your way out. Now the Prosecutor and Defense counsel has [sic] made a recommendation for uh judicial release. That is early release at the first available opportunity after the expiration of your mandatory time plus six months.

**DEFENDANT:** Yes sir.

**JUDGE:** Now if everything goes okay, the Court will probably grant that. No promises, but the Court probably will. If things don't go alright while you're in prison, then all bets are off. And I'm sure you understand that.

**DEFENDANT:** Yes sir.

With regard to petitioner's second claim for relief, examination of the docket of proceedings in the trial court does not reflect any application for leave to file an appeal which was denied.

It is recommended that the petition be dismissed without further proceedings.

7

David S. Perelman
United States Magistrate Judge

DATED: December 17, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).