**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM COWAN, JR.,** | ) | Case No. 3:07 CV 1895 |
| | ) | |
| Petitioner, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **CLIFFORD SMITH, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge David S. Perelman, issued on December 17, 2007 ("R & R") (**ECF No. 8**). The Magistrate Judge recommends that the Court deny the Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner William Cowan, Jr. (**ECF No. 1**).

On May 7, 2004, Cowan entered a negotiated agreement pleading guilty to various counts of trafficking in cocaine, engaging in a pattern of corrupt activity and breaking and entering. The parties jointly recommended that the trial judge (David C. Faulkner) impose a sentence of six and one half years on Cowan. However, in return for the guilty plea, the State agreed not to oppose a motion for judicial release after Cowan had served two years and six months incarceration provided he had no problems in the correctional facility. Judge Faulkner told Cowan that he would probably grant a request for early release under the aforementioned

conditions once Cowan became eligible; however, Judge Faulkner court made equally clear that he was not promising Cowan anything or guaranteeing he would do so – all of which Cowan stated that he understood.

Two and one-half years later, on October 16, 2006, Cowan filed a motion for judicial release along with documentation establishing that he had maintained a good record at the correctional facility. The State filed a document asserting its position that it did not oppose Cowan's release. Shortly thereafter, the trial judge to whom the case was reassigned (William D. Hart),[1] issued a one-sentence order overruling Cowan's motion noting that "judicial release is not warranted at the present time." *ECF No. 1*, at 25. On May 15, 2007, Cowan filed a second motion for judicial release to which the State again asserted that it had no objection. Judge Hart overruled this motion in the same one-sentence ruling. *Id*. at 35.

On June 26, 2007, Cowan filed the pending Petition, contending that his continued incarceration violates due process, and that he has been "denied his right to redress the due process violation done him by the trial court's failure to grant him appeal rights." *ECF No. 1*, at 4. On November 2, 2007, the Respondent filed a motion to dismiss the Petition, arguing that Cowan's claims are unexhausted and procedurally defaulted and, in any event, they are not cognizable on federal habeas review. *See generally ECF No. 6*.

On December 17, 2007, noting that Cowan had failed to file an opposition brief, the Magistrate Judge issued the pending R & R recommending that the Court dismiss the Petition without further proceedings for the following reason. *See generally ECF No. 8*. Accepting for the sake of argument that Cowan may have failed to exhaust his claims, the

---

[1]Apparently, Judge Faulkner had retired from the bench by this time.

Magistrate Judge believed that requiring him to do so would be an exercise in futility. More importantly, while the Magistrate Judge was sympathetic to Cowan's plight, he concluded that Cowan's claims for relief were devoid of constitutional merit on habeas review for reasons succinctly stated. *See id.* at 4-7.

> Under the relevant statute:
>
> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). It is now January 14, 2008. Four weeks have elapsed since the R & R was issued, and Cowan has filed neither an objection nor a request for an extension of time to file an objection.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written R & R and agrees with the Magistrate Judge's conclusions. That is, the sentencing transcript clearly establishes that no promises were made to Cowan by the sentencing judge; and the prosecution followed the plea agreement by not opposing, on the record, Cowan's applications for judicial release.

(continued on next page)

Accordingly, the Court hereby **ADOPTS** the Report and Recommended Decision of Magistrate Judge (**ECF No. 12**), and **DISMISSES WITH PREJUDICE** the Petition (**ECF No. 1**).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     January 14, 2008*
**Dan Aaron Polster**
**United States District Judge**
